## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### JONESBORO DIVISION

**CLARENCE WARREN,**
**ADC #138815**                                                                    **PLAINTIFF**

**V.**                                      **3:10CV00320 BRW**

**CHARLES ELLIS, et al.**                                                          **DEFENDANTS**


### ORDER

Clarence Warren, an inmate housed at the Mississippi County Detention Facility,

filed a *pro se* Complaint (Doc. No. 2) under 42 U.S.C. §1983, and is proceeding *in forma

pauperis.*[1]  For the following reasons, Plaintiff's Complaint is DISMISSED.

**I.**    **Discussion:**

A.    Standard

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of

a defendant acting under color of state law deprived him of a right, privilege, or immunity

secured by the federal Constitution or laws of the United States.[2] Although pro se

complaints are construed liberally, they still must allege, "sufficient facts to support the

claims advanced."[3]  In deciding whether a plaintiff has stated a claim, the Court must

determine whether the plaintiff has included enough facts, "to raise a right to relief above

---

[1]Doc. No. 6.

[2]42 U.S.C. § 1983.

[3]*Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

the speculative level."[4]   Although "detailed factual allegations are not required," the

complaint must include enough facts to "state a claim to relief that is plausible on its

face."[5]   "A claim has facial plausibility when the pleaded factual content allows the court

to draw the reasonable inference that the defendant is liable for the misconduct alleged."[6]

B.     Background

Here, Mr. Warren alleges that after he was arrested for various criminal offenses in

March 2010, he pleaded guilty to a parole revocation charge and was sentenced to six

months in the Arkansas Department of Correction.  He claims that while he was serving

that sentence, he was charged with additional criminal offenses, and the state court judge

imposed a $500,000 cash bond.

Mr. Warren claims that his bond is currently set too high and that he is not

scheduled to be seen in Court until February of 2011.  He names as Defendants Charles

Ellis, his public defender; Curtis Walker, prosecuting attorney; and Cindy Thyer, Circuit

Judge.  He asks this Court to appoint a different judge to handle his criminal case and to

reduce his bond to a "reasonable" amount.

---

[4]*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

[5]*Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1940 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, *supra*).

[6] *Iqbal*, __ U.S. __, 129 S.Ct. at 1940.

C.      Analysis

1.      Charles Ellis

In his complaint, Mr. Warren alleges that his "public attorney" (public defender),

Charles Ellis, has not requested a timely bond reduction hearing.  The United States

Supreme Court has held that, "a public defender does not act under color of state law

when performing a lawyer's traditional functions as counsel to a defendant in a criminal

proceeding."[7]  Because Mr. Ellis is not a state actor, Mr. Warren cannot sue him under 42

U.S.C. § 1983.

2.      Curtis Walker

Mr. Warren claims that Prosecuting Attorney Curtis Walker suggested a bond

amount that was too high.  "In initiating a prosecution and in presenting the State's case,

the prosecutor is immune from a civil suit for damages under § 1983."[8] "Absolute

immunity covers prosecutorial functions such as the initiation and pursuit of a criminal

prosecution, the presentation of the state's case at trial, and other conduct that is

intimately associated with the judicial process."[9] Advocating for a particular bond or bail

---

[7]*Polk County v. Dodson*, 454 U.S. 312, 325, 102 S.Ct. 445, 453 (1981); see also
*Watson v. Clover*, Case No. 04-1124, 2004 WL 1541821 (8th Cir. July 12, 2004)
(unpublished opinion) (dismissing a § 1983 claim against a public defender because he
was not a state actor).

[8]*Forste v. Hensley*, 2010 WL 5258479, *1 (8th Cir. Dec. 27, 2010) (citing *Imbler v.
Pachtman*, 424 U.S. 409, 431 (1976).

[9] *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996).

amount is a prosecutorial function for which a prosecutor enjoys absolute immunity.[10] Based on settled law, the Plaintiff has failed to state a claim against Defendant Walker.

> 3.    Cindy Thyer

Mr. Warren has also sued Judge Cindy Thyer.  Defendant Thyer is allegedly the judge responsible for setting Plaintiff's bond and failing to set a timely bond reduction hearing.  Mr. Warren claims that Defendant Thyer "agrees with everything [Defendant Walker] says."[11] Unfortunately for Plaintiff,  "[j]udges performing judicial functions enjoy absolute immunity from § 1983 liability."[12] Because Judge Thyer was acting in her official capacity when she set Plaintiff's bond, she is entitled to absolute immunity from suit.

## II.   Conclusion:

Clarence Warren's Complaint (Doc. No. 2) is DISMISSED with prejudice.  This Court certifies that this dismissal should count as a "strike" and that an appeal of this Order would be frivolous and would not be taken in good faith.  See 28 U.S.C. § 1915(g).

IT IS SO ORDERED this 1st day of February, 2011.

/s/Billy Roy Wilson
UNITED STATES DISTRICT JUDGE

---

[10]*Myers v. Morris*, 810 F.2d 1437, 1446 (8th Cir. 1987) (quoting *Lerwill v. Joslin*, 712 F.2d 435, 438-39 (10th Cir. 1983)).

[11]Doc. No. 2.

[12]*Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994).

4